UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON J. KENNARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-04191 |
| | § | |
| MARLEN MARQUEZ, KAYLA TIMKO, | § | |
| BRANDON P. TREVENO, and | § | |
| GARRETT SIMMONS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jason J. Kennard is an inmate in the Texas Department of Criminal Justice ("TDCJ"). On December 22, 2021, Kennard filed suit under 42 U.S.C. § 1983 alleging that Defendants Marlen Marquez, Kayla Timko, Brandon P. Treveno, and Garrett Simmons denied him due process in a disciplinary proceeding. He seeks monetary, declaratory, and injunctive relief. Pending before the Court is Defendants' Motion to Dismiss, (Dkt. No. 42). For the following reasons, the Court **GRANTS** the Motion.

### I. BACKGROUND[1]

Kennard alleges that he was attacked from behind by another inmate, resulting in hospitalization for an eye injury. (Dkt. No. 1 at 2). After returning to his unit, a disciplinary hearing occurred where Kennard was questioned by Defendants—specifically by Simmons, Marquez, and Timko. (*Id.* at 3). A statement by Defendant

---

[1] For purposes of addressing this Motion, the Court accepts all factual allegations in the Complaint as true and views them in the light most favorable to Kennard. *See White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021).

Treveno was presented at the hearing stating that Treveno saw Kennard "swing[]" at the other inmate during the fight. (*Id.*). At the conclusion of the hearing, Kennard was written up for fighting. (*Id.*). Kennard alleges that his injuries prove that he was attacked from behind and was not the aggressor in the fight, and that Defendants knowingly filed false charges against him. (*Id.*). Kennard used the TDCJ grievance procedure available to inmates to dispute his disciplinary case; however, his grievance was denied. (*Id.* at 4).

## II.  LEGAL STANDARD

### A.  RULE 12(B)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "lack of subject-matter jurisdiction." When considering a motion to dismiss under Rule 12(b)(1), a court must "accept the complaint's well-pleaded factual allegations as true." *Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021). Dismissal for lack of subject-matter jurisdiction is appropriate "when the plaintiff does not plausibly allege all jurisdictional allegations." *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021) (citations and internal quotation marks omitted). "For a 12(b)(1) motion, the general burden is on the party asserting jurisdiction." *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021). "When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court should consider the Rule 12(b)(1) motion 'before addressing any attack on the merits.'" *D&G Holdings, L.L.C. v. Becerra*, 22 F.4th 470, 474 (5th Cir. 2022) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

**B.     RULE 12(B)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The defendant, as the moving party, bears the burden of proving that no legally cognizable claim for relief exists. *Flores v. Morehead Dotts Rybak, Inc.*, No. 2:21-CV-00265, 2022 WL 4740076, at *2 (S.D. Tex. Sept. 29, 2022) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.)).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff. *White*, 996 F.3d at 306–07. The court must evaluate whether "a complaint contains sufficient factual matter to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Id*. "Dismissal . . . is appropriate where the plaintiff fails to allege 'enough facts to state a claim that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

## III. DISCUSSION

Defendants move for dismissal under both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 42 at 1). Defendants argue they are immune from suits for damages in their official capacities and did not violate Kennard's right to due process. (*Id.* at 2–7). The Court agrees.

### A. ELEVENTH AMENDMENT IMMUNITY

In their Motion, Defendants argue that the Eleventh Amendment bars Kennard from filing suit against Defendants in their official capacity for monetary damages, and, as such, the Court does not have subject matter jurisdiction over these claims. (*Id.* at 2–3). The Eleventh Amendment provides in full:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "Under the Eleventh Amendment, absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." *Cox v. Texas*, 354 Fed. App'x 901, 902 (5th Cir. 2009) (cleaned up); *see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 687–88, 121 L.Ed.2d 605 (1993) (citations omitted). The Fifth Circuit has held that the TDCJ is a state agency that enjoys immunity from suit in federal court. *Harris v. Angelina Cnty., Tex.*, 31 F.3d 331, 338 n.7

4

(5th Cir. 1994) ("Under the current state of the law, the TDCJ is deemed an instrumentality of the state operating as its alter ego in carrying out a public function of the state, and is immune from suit under the Eleventh Amendment.")). The Fifth Circuit has further extended this immunity to TDCJ's officers acting in an official capacity. *See Aguilar v. TDCJ*, 160 F.3d 1052, 1054 (5th Cir. 1998); *accord Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (noting that the Fifth Circuit has "twice [] held that the Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity"). Therefore, the Court lacks subject matter jurisdiction over Kennard's claims for monetary damages against Defendants in their official capacity.

    **B.**    **FOURTEENTH AMENDMENT DUE PROCESS**

Kennard contends that his due process rights were violated when Defendants wrote him up for fighting despite knowing that the charges were false. (Dkt. No. 1 at 3). Defendants move for dismissal of this claim arguing that Kennard has not stated a violation of his due process rights because he was provided an adequate hearing and was not deprived of good-time credit. (Dkt. No. 42 at 5–6). The Court agrees with Defendants.

"An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Dillon v. Little*, No. 4:17-CV-00577, 2018 WL 2209211, at *5 (S.D. Tex. May 14, 2018) (citing *Wolff v. McDonnell*, 418 U.S. 539, 554–55, 94 S.Ct. 2963, 2974–75, 41 L.Ed.2d 935 (1974)). "Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest." *Id.* (citing *Sandin v. Conner*,

5

515 U.S. 472, 478, 115 S. Ct. 2293, 2302, 132 L. Ed. 2d 418 (1995)). Generally speaking, "[t]here is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations." *Jackson v. McKinney*, 24 F.3d 238, 238 (5th Cir. 1994). As long as there is "some evidence" supporting the findings made in the disciplinary hearing, a prisoner cannot show that he was punished without due process. *Dillon*, 2018 WL 2209211, at *6 (citing *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 457, 105 S. Ct. 2768, 2775, 86 L. Ed. 2d 356 (1985). Here, Kennard does not claim that he was denied a hearing on the disciplinary charges, (*see generally* Dkt. No. 1), and, therefore, cannot state a claim for denial of due process. The Court, therefore, dismisses Kennard's remaining claims based on violations of the Due Process Clause.

## IV. CONCLUSION

Considering the foregoing analysis, the Court **GRANTS** Defendants' Motion to Dismiss, (Dkt. No. 42). The Court **DISMISSES** Plaintiff's Complaint, (Dkt. No. 1), **WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to **CLOSE** the case.

It is SO ORDERED.

Signed on March 30, 2023.

                                                         **DREW B. TIPTON**
                                        **UNITED STATES DISTRICT JUDGE**