United States District Court
Southern District of Texas
**ENTERED**
April 05, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JASON J. KENNARD, § § Plaintiff, § § VS. § § MARLEN MARQUEZ, KAYLA TIMKO, § BRANDON P. TREVENO, GARRETT § SIMMONS and OFFICE OF THE § ATTORNEY GENERAL - AMICUS § CURIAE, § § Defendants. § | Civil Case No. 4:21-CV-04191 |

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

Plaintiff Jason J. Kennard is an inmate in the Texas Department of Criminal Justice. He filed suit under 42 U.S.C. § 1983 alleging that the defendants denied him due process in a disciplinary proceeding, and that defendant Brandon P. Treveno failed to protect him from assault by another inmate. He sought monetary, declaratory, and injunctive relief.

On March 30, 2023, the Court granted the motion to dismiss filed by Defendants Marlen MarQuez, Kayla Timko, and Garrett Simmons (Dkt. No. 53), and entered a Final Judgment, (Dkt. No. 54). The Memorandum Opinion and Order found that Kennard's claims for damages against the defendants in their official capacities were barred by the Eleventh Amendment, and that Kennard failed to state a claim for a denial of due process. While the March 30 Order addressed all official capacity claims for damages, it did not address Kennard's deliberate indifference claim against Treveno in his individual

capacity. The defendants now seek clarification of the Final Judgment to determine whether any claims remain.

## I. BACKGROUND

The background of the case is set out in the Court's prior Memorandum Opinion and Order (Dkt. No. 53). Kennard's claim against Treveno asserts that Treveno was escorting Kennard through the cell block, and that Treveno knew that another inmate had threatened Kennard and failed to take adequate precautions to protect Kennard from assault. Treveno has not moved to dismiss, but this Court may *sua sponte* dismiss the complaint if it fails to state a cognizable claim for relief. *See* 28 U.S.C. § 1915A.

## II. ANALYSIS

As discussed in the previous Memorandum Opinion and Order, the Eleventh Amendment bars suit against Treveno for damages in his official capacity. For the reasons that follow, Kennard's claim against Treveno in his individual capacity also fails.

To state a claim for failure to protect under Section 1983, Kennard must show that Treveno's conduct rose to the level of deliberate indifference. To show deliberate indifference, Kennard must plead facts showing that Treveno "knew of and disregarded a substantial risk of serious harm." *Alderson v. Concordia Parrish Correctional Facility*, 848 F.3d 415, 420 (5th Cir. 2017)(citing *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001)).

While Kennard alleges that Treveno was aware of the threats to Kennard, he does not contend that Treveno left him unattended in the presence of the other inmate. Rather, Kennard admits that Treveno was escorting him when he was attacked and that Treveno

2

acknowledged the presence of the other inmate. Kennard contends that Treveno failed to treat the threats with sufficient seriousness and failed to adequately protect him. While these allegations might show that Treveno was negligent, they do not raise a reasonable inference that Treveno simply disregarded the threat to Kennard. Mere negligence does not rise to the level of a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 1978, 128 L.Ed.2d 811 (1994).

### III.   CONCLUSION

The defendants' Motion for Clarification (Dkt. No. 55) is **GRANTED**. The Final Judgment (Dkt. No. 54) is clarified as discussed above to include any individual capacity claim for deliberate indifference against Defendant Brandon P. Treveno.

It is SO ORDERED.

Signed on April 4, 2023.

                                                _____
                                                        **DREW B. TIPTON**
                                                  **UNITED STATES DISTRICT JUDGE**