United States District Court
Southern District of Texas
**ENTERED**
June 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON J. KENNARD, | § § § § | |
| Plaintiff, | | |
| VS. | § § § | Civil Case No. 4:21-CV-04191 |
| MARLEN MARQUEZ, KAYLA TIMKO, BRANDON P. TREVENO, GARRETT SIMMONS and OFFICE OF THE ATTORNEY GENERAL - AMICUS CURIAE, | § § § § § § § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

This Court dismissed the civil rights complaint filed by Texas state inmate Jason Kennard for failure to state a claim on which relief can be granted, (*see* Dkt. No. 53 and 56), and denied his motion for reconsideration of that dismissal, (Dkt. No. 61). Kennard has now filed a motion to alter or amend the judgment under Federal Rule of Civil procedure 59(e).

A motion to alter or amend under Fed.R.Civ.P. 59(e) "must clearly establish either a manifest error of law or must present newly discovered evidence." *Schiller v. Physicians Resource Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate where there has been an intervening change in controlling law." *Id.* Kennard fails to demonstrate grounds for relief.

Kennard's motion argues that the Court gave a factually incorrect sequence of events in its order of dismissal. He claims that a disciplinary hearing was held earlier than the Court stated, and that he did not receive adequate notice prior to the hearing.

The facts set out in Kennard's complaint are not clear on this point, and both the Court's recitation of facts and Kennard's current explanation of events are consistent with the complaint. Whether the Court was correct on this point or not is immaterial, however, because Kennard's complaint did not raise a claim that he was denied adequate notice of his disciplinary hearing. Rather, the complaint alleged various legal theories for liability based on an assault by another inmate and contended that Kennard was denied due process when the defendants wrote him up on a disciplinary charge that they knew was false. Kennard never complained that he was given inadequate notice prior to his hearing. The specific timing of the disciplinary hearing therefore had no bearing on the dismissal of Kennard's complaint and provides no grounds for altering or amending the judgment.

Kennard also appears to seek reconsideration of an order denying his motion for leave to amend his complaint. Kennard's motion to amend sought to name several John Doe defendants. He now claims that he wished to amend his complaint to add a negligence claim.

Setting aside the fact that Kennard never mentions a negligence claim in his motion for leave to amend, (*see* Dkt. No. 58), a negligence claim would not provide any basis for relief in this case. To rise to the level of a constitutional violation, the defendants' alleged failure to protect Kennard would have to amount to deliberate indifference to his

safety. "Deliberate indifference" is more than mere negligence, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Kennard's proposed negligence claim would not state a claim for relief under federal law, and any such amendment would therefore be futile.

For the foregoing reasons, the motion to alter or amend the judgment (Dkt. No. 62) is **DENIED**.

It is SO ORDERED.

Signed on June 8, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**